# FIRST DEPARTMENT.

## GENERAL TERM, JANUARY, 1874.

TREADWELL v. POMEROY *et al.,* appellants.

*Commission to take testimony out of State — joining of issue — Appealable order.*

When issue is joined as to one of several defendants, a commission may be issued to take testimony out of State, although issue is not joined as to all the defendants.

An order granting a commission in such a case is not appealable.

THIS action is for an accounting between parties claiming to be jointly interested, and comes before the general term on an appeal from an order of special term, granting a commission to take testimony in another State. The defendants, as to whom issue was joined at the time of the granting of the order, object thereto, that issue was not joined as to all the defendants named in the complaint.

*D. T. Walden,* for appellants. The action is not properly "at issue." 2 Paine & Duer's Pr. 103 ; Graham's Pr. 484 ; 1 Burrill's Pr. 443 ; *Davis* v. *Granger,* 3 Johns. 259 ; *Hackley* v. *Patrick,* 2 id. 478 ; *Allen* v. *Hendree,* 6 Cow. 400 ; *Boyd* v. *Vanderkemp,* 1 Barb. Ch. Pr. 277. The order is appealable. *Rathbone* v. *Ingersoll,* 2 Jones & S. (34 Super. Ct.) 211.

*Samuel C. Mount,* for respondent. The order is not appealable. *Thatcher* v. *Bennett,* cited in notes to section 349, Code (Voorhees' ed., p. 555) ; 1 R. L. 1813, 519, § 11 ; 1 Cai. 73 ; 2 id. 259 ; Laws 1862, ch. 375.

DAVIS, P. J. Issue having been joined by answer, as to one of several defendants in this action, the plaintiff moved, on the usual affidavit, for a commission to take the testimony of a witness resid-

ing in the State of Kansas. The defendant as to whom the issue is joined objected, on the ground that issue was not also joined as to all the defendants named in the complaint. The court granted the motion, and ordered a commission to issue, providing, however, in the order, that the testimony taken under it should not affect the other defendants. From this order the defendant appeals, insisting that the court has no power to issue a commission until the action is at issue as to all the defendants. Chapter 375 of the Laws of 1862 provides, that "whenever any issue of fact shall have been joined in any such action or proceeding, and it shall appear, on the application of either party, that any witness not residing in this State is material in the prosecution or defense of such action or proceeding, the court may * * award a commission * * to examine such witness" on interrogatories. This provision does not seem to leave any doubt as to the power of the court, and if there were any question under the Revised Statutes, which we do not think to have been the case, the amendment of 1862, above referred to, wholly removes it. The discretion of the court was properly exercised, but we think the order was not appealable. This court so held in *Thatcher* v. *Bennett*, cited at page 555 of Voorhees' Annotated Code (edition of 1870). It does not affect prejudicially any substantial right of defendant. On the contrary, it tends to expedite the case, and preserve the evidence on which the substantial rights of both parties may be ascertained and enforced. The appeal should be dismissed with $10 costs and disbursements.

DANIELS and DONOHUE, JJ., concurred.

*Appeal dismissed.*